Case number 21-2242 from the Southern District of Iowa, Industrial Steel Construction v. Lunda Construction All right, Mr. Orman, we'll hear from you first. Mr. Bond, you could mute your microphone if you would, please. You may proceed, Mr. Orman. Good afternoon. May it please the Court. My name is Jesse Orman, or Appellant, Lunda Construction Company. Under the Federal Arbitration Act, an arbitrator does not exceed his powers as long as the arbitrator at least arguably construes the party's agreement. The District Court did not apply this standard and therefore Lunda requests this Court reverse the District Court, confirm the arbitrator's award of attorney's fees and expert witness fees to Lunda because the District Court exceeded its own exceptionally limited powers under the Federal Arbitration Act when vacating the arbitrator's award. As the U.S. Supreme Court in Hall Street and then Oxford Health held, the Federal Arbitration Act provides the exclusive grounds to vacate an arbitration award. The only grounds at issue here are 9 U.S.C. Section 10a.4, which allows the District Court to vacate an award where the arbitrators exceeded their powers. Oxford Health breaks down how to make that determination. Quote, the question for a judge is not whether the arbitrator construed the party's contract correctly, but whether he construed it at all. The Court goes even farther and explains even arguably construing or applying the contract must stand, regardless of a court's view of its demerits. Well here, Mr. Orman, the District Court, as I understand it, concluded that the arbitrator didn't even reference or acknowledge the actual contract and that regardless of what else, what other analysis went into that opinion, the Court was saying didn't even apply what the parties had agreed to. Is that not your read of it? I'm guessing not. You're correct, Your Honor. That's not my read of it. And I think that can't... Why isn't that? Why isn't that what the Court did? Because the Court ignored everything in the arbitrator's award, particularly the first paragraph, which walks through everything the arbitrator considered in reaching its award. Those indicia, that first paragraph and several other facts that I'll get to, show that the arbitrator did, in fact, construe the party's agreement, including the arbitration provision at issue. In fact, Your Honor, as I'll explain, the arbitrator quoted that very same provision and I don't see how the District Court can conclude that the arbitrator ignored a provision which he quoted. But I think he was saying he ignored the other, the one that addressed damages and the argument was whether or not Lunda was entitled to attorney's fees as damages. That seems to me the section, the provision that the District Court was saying wasn't even looked at or considered or acknowledged. Yes, Your Honor, I think the District Court believes that, but I don't think the District Court reviewed everything it should have to make that determination. And I'll quote the Eighth Circuit in the Centerpoint case on this issue. A party who disagrees with an arbitrator's contractual interpretation can always characterize the decision as ignoring language that favors that party's interpretation, but erroneous textual analysis is not sufficient ground to vacate an award. And I think at best, Your Honor, that that is what the District Court cited here. Well, where is the textual analysis here? The erroneous textual analysis or correct textual analysis? The arbitrator in the award runs through everything he considered, including the AAA rules pursuant to which he was appointed. That's the first, I think, just few lines of the award. When presented with argument in this respect during the case, which is part of the record, the arbitrator was specifically presented with the issue whether the contract incorporates the AAA rules. The arbitrator did not say, I expressly confirm that the AAA rules are appropriate, but he didn't need to. It's implicit. When you finally get through 28 pages of single spaced award citing the party's contract and repeatedly applying it, you get to the part of the awards that makes a determination regarding applicability of AAA rule R48. Determines that an award under that rule is appropriate. He doesn't have to say some magic language regarding that he considers it part of the party's contract and therefore applies it. If the court is going to impose that kind of specific articulation requirement, is going to change fundamentally the standard of review applicable to arbitration awards. So, getting right to the issue of whether this court has made determinations regarding whether there has to be an explicit reference to a provision that has been interpreted in the award. This court has decided at least three times that that is not necessary. That's in the Boomer case from 2018, the Centerpoint Energy case from 2019, and the Wells Fargo versus WMR case in 2011. I think each of those cases is instructive on this very point, that it is unnecessary to impose what's tantamount to a magic language requirement and a standard on arbitrators' awards that they expressly articulate the reasoning and rationale for every step of their analysis, how and why they're interpreting the party's contract. And Counsel, I appreciate your argument, but it seems to me that whether or not this, I think it's paragraph 16, the section that is arguably the provision that addresses fees here. I think the argument is that that wasn't even acknowledged in the arbitration. So, it seems to me that this as a factual matter is different than the cases that you're relying on in terms of magic words or no magic words. Here, there's just no words, I think is the argument. Can you address that? I think that's the argument, but I don't think it's any different than the cases. For example, in Boomer, the issue was whether the arbitrator ignored a contractual provision that required application of Missouri law, and it was as applied to a determination whether attorneys' fees should be awarded. The arbitrator in that case, just like here, cited Missouri law throughout the award on other issues. It was clear that it was applying the contract and applying Missouri law to the other issues. Just as here, it is clear that the arbitrator was applying the party's contract to other issues in the case. But as it relates to attorneys' fees, the arbitrator in the Boomer case cited law from other jurisdictions, not Missouri. The arbitrator did not say anything about Missouri law. He didn't cite, didn't say why he didn't cite or apply Missouri law, or whether the contract allowed him to do so. So the appellant in that case argued that the failure to articulate the reasoning why Missouri law wasn't applied on that issue showed the arbitrator exceeded his powers. That's the same argument the district court made here. The Eighth Circuit ruled the absence of citations to Missouri law doesn't mean the arbitrator substituted his own judgment or his own preferences over the contract. It explained that the absence of those citations was more likely to suggest that he didn't find Missouri law on point. The Eighth Circuit held that it still constituted an interpretation of the contract even if it was a serious legal error. For example, if there was Missouri law and he just didn't find it. Do you think that there is a provision in the party's agreement, the party's, excuse me, contract that addresses fees other than the arbitration rules? There is no provision, your honor, that says an attorney's fee award may not be made to Lunda. Do you think that there is a provision anywhere in all of the contract that addresses attorney's fees other than the arbitration rules? There is a provision that addresses whether ISC might be but there is not a provision that addresses one way or the other whether Lunda is entitled to attorney's fees outside of incorporating the AAA rules. So, back to the Boomer case, your honor. The arbitrator identified the legal authority that he applied in that case, which is the same AAA rule, albeit in the commercial context, not the construction context, Rule R-48, but the arbitrator didn't expressly articulate each step in the analysis. And this court did not let the absence of a few words, which is I think all we're talking about, undo the arbitrator's award in that case. And it shouldn't do so here simply because the arbitrator did not say the AAA rules were incorporated into the arbitration provision in the party's agreement. I think Centerpoint also provides a slightly different take on the same issue, that case concerned a union grievance. Different context, but the issue presented was whether the arbitrator exceeded his powers by ignoring or disregarding the party's contract regarding the relief that was available rather than arguably construing that same contract. In that case, what the court did was gave an example, an earlier matter, an earlier case I should say, Ulri Talbert. In that case, and the court is contrasting that case, but in that Ulri Talbert case, the court used as an example of when it is sufficient for an arbitrator's award to be vacated for failure to articulate its reasoning. In that case, the court explained that it was apparent the arbitrator didn't even arguably construe the party's agreement for two reasons. The first is that, quote, nothing in the arbitrator's decision, there was nothing in the arbitrator's decision to suggest that he construed the contract to permit review of the penalty. As I went through earlier, there are several indicators here that the arbitrator did in fact review the party's entire agreement, including the arbitration provision at issue. Second point, I think, is even more important. In that case, the court distinguished Ulri Talbert from Centerpoint by saying nothing in the text of the agreement suggests an interpretive route to that conclusion. I read that case as saying that even if it is not articulated by the arbitrator, as long as the agreement plausibly could have been interpreted by the arbitrator to support the award, it must be confirmed. Here, we spend some time in our brief identifying multiple routes and paths the arbitrator could have followed to apply Rule R-48, have it be incorporated into the party's contract, and applicable by consent, waiver, etc. I see I'm nearly out of time. I would like to reserve the rest of my time for... Why don't you take 30 seconds on the expert fees, if you would. Is it your view that the arbitrator applied Rule R-56 and arguably got it wrong, but was applying that rule because the contract provided for the arbitration rules to apply? Is that the theory? I think that he got there the exact same way because Rule R-56 on expert fees is incorporated into the rules or into Rule R-48. But the attorney's fee rule says that you can award these other fees and costs pursuant to R-56. So it's all part of Rule R-48, Your Honor, and whether he got it right or made a mistake about whether those expert fees were directly ordered, witnesses directed by the arbitrator, he's entitled to get that wrong. But it doesn't matter, right or wrong, his decision needs to be confirmed. Thank you, Your Honor. Again, I'd like to reserve the remainder of my time. You may. You may reserve the balance. Mr. Bond, we'll hear from you. Thank you, Your Honor. May it please the Court. My name is John Bond and I, with my co-counsel Josh McIntyre, who is with me, represent Appalachian Industrial Steel Construction, and it's an honor to be here. First, the arbitration clause in the issue here is unusual. This Court's used to seeing arbitration clauses that usually require the arbitrator's reasoning to be detailed or not to be detailed in the award, but the arbitration clause here requires the arbitrator to issue a finding of fact and law on the ruling. Now, I've scoured the cases on both sides of the ball, and I've only found two cases in which the agreements, the contracts, require findings of fact and law by the arbitrator. The first one is an Eighth Circuit case. It's a 2003 case, Shop v. Info USA, and the decision of this court in which the, was it the arbitrator's finding, or the decision of this court in which the agreement required the arbitrator's finding to include findings and conclusions on the disputed issues. The court found that the arbitrator fulfilled his obligation due to the award analyzing the issues based on the contract language. The second case that I found that's been cited by the parties was cited by ISC, and it's a Fifth Circuit case from 2020, recent, and that's Kemper v. Computer Science Court. This is a recent 2020 case, and there the court gave a much more detailed ruling on how to determine if the arbitrator arguably construed the contract when it's required to render findings of fact and conclusions, and supporting his ruling. In Kemper, the court acknowledged that in determining if the arbitrator arguably construed the contract, the court naturally looks first to the award. It held in consulting the award, the court considers the following relative, relevant evidence. Number one, whether the arbitrator identifies his task of interpreting the contract. Number two, whether he cites and analyzes the relevant text of the contract, and three, whether his conclusions are framed in terms of the contract meaning. Now this court, this court applied essentially the same analysis in George Hormel and Boise Cascade discussed in our brief, and there when the arbitrator fails to address essential contract clauses and does not explain how he construed them, there's a strong possibility that the awards doesn't arise out of the construction of the contract. Now throughout Lunda's brief, Lunda does not recognize or give meaning to the arbitrator's obligation to support his ruling by findings of fact and law. Instead, Lunda argues this Mr. Orman just argued that the ruling standing alone is sufficient and the arbitrator's contract construction is implicit in the issuing of the fees award. That's not, your honors, that's not what the parties bargained for and that's not what the contract requires. Well counsel, you would concede that there were sufficient findings of fact. Is that, is that a fair statement in the court? Not on the issue, no your honor, not on the issue of attorney's fees and expert witnesses. I will acknowledge that there are 28 pages of factual findings on all the other issues in dispute in the case, but it's not, there was no finding of fact on the issue of attorney's fees and expert witnesses, none whatsoever. May I proceed? Yes, sir. The fundamental contract requirement for the arbitrator to provide findings of fact and law is particularly crucial here because we have three basic contract interpretation disputes related to the application of the arbitrator's award of attorney's fees and expert fees. First, in the negotiation of the contract, the parties expressly struck Blunder's right to recover attorney's fees from the damages clause in the agreement. Judge Kelly, that's what you mentioned when you referred to paragraph 16 occurring in appendix 401. The agreement also gave ISC a unilateral right to recover attorney's fees against Blunder instead, and that occurs at appendix 415. When you say they struck right to fees in paragraph 16, isn't it debatable what the strikeouts mean? That strikeout was striking a parenthetical that was defining the term damages as including certain things. But one could view that as just striking surplusage because damages already included liquidated damages and attorney's fees, so there was no need for the language. Just seems to me it's debatable what the import is of the strikeouts and where does that really get you? Well, a couple of thoughts on that. First of all, the arbitrator needs to tell us what it meant. He didn't even go there. And the second thing, this isn't whether or not the contract requires it or doesn't require it. You know, there are all these rules of contract construction. I'm not going to bother to go in them, but when you look at it, this arbitrator's construction needs to draw from the essence of the contract, which is the party's intent. And when you look at that clause, you know, it's apparent that the intent was to strike Lunda's rights to recover attorney's fees. It struck it out. It didn't pull it out. It lined through it. Now, I'm going to divert for a second because this contract was meticulously negotiated, and it was done so in an effort to homogenize two form documents, and I'm going to get to that. May I proceed? Of course. Thank you. Second, and this is what I'm going to get to, the contract arbitration clause incorporated the AAA rules, and that arbitration clause is Appendix 412 and 13, only for the limited purpose of procedural matters not specified in the contract. The parties struck the original disputes clause proposed by Lunda that would have provided for the arbitration to occur in accordance with the AAA rules without limitations, and that's at Appendix 401. That's the language that we typically use for a full incorporation of the AAA rules. When Mr. Orman talks about Wells Fargo, he's talking about the full incorporation of the AAA rules. This is a very limited incorporation, and it's not mentioned anywhere in the arbitrator's award. Third, while the contract is silent on the expert witness fees, the gap-filling AAA rules require each party to bear its own cost. The AAA rules gives the arbitrator the power to award fees only for the experts called by the arbitrator. Now, there is no finding of fact or law anywhere in the award pertaining to any of these issues in dispute. We've looked for them. We couldn't find them. The District Court Judge Jarvie looked for them. He couldn't find them. Lunda can't cite them anywhere. The arbitrator's failure to issue findings of fact and laws for his ruling as required by the contract is a clear indication that the arbitrator failed to construe the essential contract language. Now, this follows on Mr. Orman, who's weighing this 28-page award. When you read through that order, there are pages written about the acceleration of work claim, Lunda's delay claim, Lunda's defective work claim, Lunda's missing certifications claims. There is not a hint, nothing in the award even hints that there's a dispute over the application of attorney's fees and expert witness fees. And when you get to the final ruling, it appears that the arbitrator's award, he's awarding Lunda over a million dollars, over 80% of the award to Lunda, purely as a ministerial act without providing any findings of fact or law. Now, if you don't know that there is a dispute over the application of attorney's fees from the face of the award, how can you say that the arbitrator made a construction of relevant contract terms and conditions? That's precisely what Judge Jarvie, the point that he made in his order when he said, it's difficult to imagine that the arbitrator interpreted a clause in the party's agreement stating the extent to which the AAA rules were incorporated when he didn't even acknowledge that the clause existed, let alone discuss it or offer any clear basis on how he construed it. We're not talking about a few words missing. We're not talking about magic language. We're talking about the omission of any reference whatsoever to the pivotal arbitration clause in the contract. Now, there are two other issues that require attention. First, it's Lunda's position that the arbitration cases arising out of labor disputes are not relevant to the court's disposition and analysis under the FAA. That position is simply wrong. All but one of the federal cases cited by both parties relied on labor cases to determine whether a board should be vacated or confirmed. Paul Street, Stolt-Nelson, Oxford Health, and all three of those, the Supreme Court relied on rules that evolved from labor cases. Well, just more importantly, the Supreme Court addressed this very issue dead on in Paperworkers v. Misko in footnote 9. This court address also addressed it head-on in Stroke Container, coincidentally, at footnote 9. In these cases, the courts, the Supreme Court, and the Eighth Circuit expressly recognized that the rules and rationale for vacating the wards are mutually and equally influential in the context of FAA and labor disputes. Another issue is whether the right to recover attorney's fees is a procedural matter that requires gap-filling under the arbitration clause by the AAA rules, or is it a substantive matter governed by Illinois law applicable to the contract? Lunda now argues that the two are indistinguishable and are governed by the AAA rules, but in their closing argument before the arbitrator, Lunda admitted that the right to attorney's fees under the AAA rule 48 is a substantive matter, not a procedural matter. I ask you to see appendix 995 for that argument. As a result, the party's arbitration agreement did not incorporate the substantive AAA rule permitting a ward of attorney's fees, and the arbitrator didn't render a finding of fact or law to the contrary. Counsel, what would a finding of, what finding of fact are you saying should have been made as to the attorney's fees? I mean, it seems to me that your argument is that the arbitrator didn't rely on the right agreement or provision of the contract, but I'm curious about your findings of fact as to that. I didn't, I didn't hear an argument as to the quantity, the total amount, or anything like that. When you, there, there is no finding fact on the quantity or the total amount. I think that, I mean, the, the, the award should have at least acknowledged the presence of the form, of the term that only allows the AAA rules to apply for procedural, procedural matters, not mentioned. So, so what if, what if the arbitrator got it wrong, got it wrong, applied it to beyond procedure, isn't that just an error in the application of the rules? This is not about him getting it wrong. This is about the nakedness of the award on the issue. The award is completely hollow. This, and that's what George, Judge Jarvie wrote. This is not about him getting it wrong. This is about the, the, the overall insufficiency of the award to recognize his contract and acknowledge what's required, and then to show how his ruling somehow gives meaning. This is the MISCO. Gives meaning to those contract terms. Now, I want to button this up because I'm, I'm out of time. If you agree, if this court agrees with Lunda that arbitrable, that the arbitrator arguably construed the contract, then it must, then it must also conclude that the arbitrator construed contract terms not mentioned anywhere in the award, and reached findings of fact not set out anywhere. But the parties negotiated and bargained for more. The arbitrator was required to do more. By renting a fees award without providing any further finding of facts of the law, the arbitrator exceeded his power. And his award, and this award is properly vacated under the FAA. Thank you very much. Thank you, Mr. Bond. We appreciate your argument. Mr. Orman, I believe you have some time remaining for rebuttal, so we'll hear from you in rebuttal. Thank you, Your Honor. Just have a few points. The first point relates to the issue of the requirement regarding findings of fact and conclusions of law in the arbitration provision. Appellee ISC here wants that provision to impose something beyond what that provision says. ISC wants it to require findings of fact and conclusions of law on each and every issue, and it does not say that. Important fact regarding the actual language of that provision. Now, as it relates, I think, to Judge Kelly's question, there were findings of fact made related to the appropriateness of the attorney's fees award. The final paragraph of the award provides, quote, that the arbitrator, quote, finds that an award of attorney's fees and costs is appropriate in this matter and hereby awards Lunda $1.3 million or $1.3 million as a finding of fact regarding the appropriateness of the attorney's fees award. It is not pulled out of thin air or unsupported. Finally, as it relates to the argument whether the intent of the parties is being honored here, the intent of the parties is clear that the AAA rules were intended to be incorporated in the party's contract, and that's what was applied. Thank you. I see I'm out of time. I respectfully request this court reverse the district court. Just on that last point, would you like to respond to Mr. Bond's argument that the party struck language at Appendix 401 that would have incorporated the AAA rules in their entirety and therefore the agreement incorporates them in a more limited way, I think was the argument? I think that was the argument, Your Honor, but I also think you got it exactly right in your earlier question regarding a different provision that was struck, arguably struck. What language remains in the agreement versus what was removed, I don't think is relevant here. What is relevant is how the final form of the contract exists when agreed by the parties, and the final form of the contract contains the arbitration provision at Issue here, not the other one, and I don't think for reasons explained on a different issue on our brief that the act of striking it should gain any kind of outside importance. All right. Seeing no other questions, I thank you for your argument. Thank you, Mr. Bond. We thank both counsel. The case is submitted and the court will file a decision in due course.